THE VILLAGE OF HUNTLEY, Plaintiff-Appellant, v. MERLE J. OLT-MANN, Defendant-Appellee.

Second District No. 2—92—0463

Opinion filed April 8, 1993.

Michael F. Kukla and Todd W. Syverson, both of Michael F. Kukla, Ltd., of Crystal Lake, for appellant.

Thomas F. Loizzo, of Kell, Nuelle & Loizzo, of Woodstock, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

The defendant, Merle J. Oltmann, was charged by complaint under the ordinances of plaintiff, the Village of Huntley, with three offenses commonly described as improper lane usage, driving under the influence of alcohol, and fleeing and eluding a police officer. At

trial, defendant's motions to dismiss were granted by the trial court on the grounds that the complaints were facially defective because they indicated that the three offenses occurred on two different dates, whereas the plaintiff contended at trial that they all occurred in one transaction. Plaintiff appeals. We reverse.

The facts of this case are not at issue. Those facts necessary to understand our disposition are herein set forth. At approximately 8:49 p.m., on July 19, 1991, Officer Daniel Latham of the plaintiff's police department was patrolling on Bonnie Brae Street in the Village of Huntley. He observed a motorcycle driven by defendant turn wide into the southbound lane, proceed back into the northbound lane, and continue northbound on Bonnie Brae from Main Street. Upon observing the motorcycle weaving, Officer Latham turned on his red emergency lights and ordered the driver to pull over. The motorcycle then accelerated and turned westbound on Main Street. The defendant was unsuccessful in executing a turn and ended up in a ditch. After arriving at the crash scene, Officer Latham noticed a strong odor of alcohol on the defendant's breath and that defendant was swaying and off balance. Defendant refused to take a field sobriety test. Defendant was transported to the police station, where three Illinois Uniform Traffic Citation and Complaints (Illinois Uniform Traffic Tickets) were drafted by Officer Latham. Two of the complaints, one charging driving under the influence of alcohol, local ordinance 15—6—101 A, and one charging improper lane usage, local ordinance 15—9—109, stated that the incident occurred on July 22, 1991. A third complaint charging fleeing or attempting to elude a police officer was dated July 19, 1991. In addition, the complaint charging improper lane usage cited local ordinance 15—9—109, without specifying which subsection, a through d, of the ordinance the defendant violated.

At trial, Officer Latham testified that the three complaints arose from one incident which occurred on July 19, 1991. After the plaintiff rested, the defendant made oral motions to dismiss two of the complaints pursuant to section 111—3(a)(4) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 111—3(a)(4)) for failure to state the date of the offense definitely. Defendant also moved that the improper lane usage charge be dismissed for failure to specify the subsection of the ordinance under which defendant was charged. A directed finding in favor of defendant was made on all three complaints.

■ On appeal, defendant asserts that he was acquitted and that the plaintiff cannot appeal his acquittal. This argument fails as the

complaints themselves were found to be deficient, were dismissed before the trial court ever got to the merits of the case, and thus no acquittal occurred. Where a trial court terminates proceedings at a defendant's behest, and the court does not address guilt or innocence of defendant, the double jeopardy rule does not apply. *People v. Ruiz* (1979), 78 Ill. App. 3d 326, 331.

Defendant next argues that, if an appeal is maintained, then a complaint which lacks the necessary certainty to charge an offense is void and vulnerable to attack at any time, citing *People v. Heard* (1970), 47 Ill. 2d 501. *Heard* may be distinguished from the present case as a case in which a criminal complaint for gambling was charged under the Criminal Code of 1961 (Ill. Rev. Stat. 1967, ch. 38, par. 28—1(a)(8)). Rather, we choose to follow the cases dealing with Illinois Uniform Traffic Tickets. In *People v. Domovich* (1980), 91 Ill. App. 3d 870, we stated the belief that in *People v. Tammen* (1968), 40 Ill. 2d 76, the court viewed the Illinois Uniform Traffic Ticket cases as *sui generis,* and thus we elect to follow that case rather than following those dealing with criminal complaints, indictments, and informations.

Defendant also contends that reliance on the three complaints would violate the constitutional mandate that a complaint must inform the accused of the nature of the charge, allowing him to prepare a defense, and serve as a bar to future prosecutions for the same offense.

However, plaintiff cites *Tammen,* as well as *Domovich* (91 Ill. App. 3d 870), and *People v. Askeland* (1988), 166 Ill. App. 3d 78, to support the proposition that objections to the complaint which do not go to the merits of the offense are waived if not raised prior to trial. (*Tammen,* 40 Ill. 2d at 79.) *Tammen* was a case in which the defendant was stopped for drag racing and received an Illinois Uniform Traffic Ticket which stated that he committed the offense of "drag racing," yet the section of the Uniform Act Regulating Traffic on Highways which was cited was that which dealt with reckless driving, not that which dealt with drag racing. Defendant in *Tammen* argued that the complaint violated his constitutional right to be informed of the nature and cause of the accusation. In *Tammen,* the Illinois Supreme Court referred to the constitutional and statutory bases which require that the proper information be communicated to the accused. The court held that where there is no objection to the sufficiency of the ticket or no request for a bill of particulars, the complaint is sufficient and satisfies section 111—3(a)(3). (*Tammen,* 40 Ill. 2d at 79.) The Appellate Court, Second

District, interpreted *Tammen* as requiring a *pretrial* objection to the sufficiency of an Illinois Uniform Traffic Ticket in the *Domovich* and *Askeland* cases. (*Domovich*, 91 Ill. App. 3d at 874; *Askeland*, 166 Ill. App. 3d at 80.) Thus, herein we apply the rules set forth by our supreme court and these earlier second district cases.

*Tammen* examines statutory and constitutional bases in its analysis. The pertinent part of article I, section 8, of the Illinois Constitution of 1970 provides: "In criminal prosecutions, the accused shall have the right *** to demand the nature and cause of the accusation and have a copy thereof ***." (Ill. Const. 1970, art. I, §8.) The purpose of this guaranty is to secure such clear designation of the offense charged against the accused as will enable him to fully prepare for his defense and to plead the judgment in bar of a subsequent prosecution for the same offense. (*People v. Peters* (1957), 10 Ill. 2d 577.) Section 111—3(a) of the Code provides:

"A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty." Ill. Rev. Stat. 1991, ch. 38, par. 111—3(a).

■ In the present case, defects in the complaint were raised by defendant for the first time at trial. According to the numerous cases following *Tammen*, such objections to facial defects in traffic complaints were insufficient as they were not raised prior to trial. *Askeland*, 166 Ill. App. 3d at 80; *People v. Schultz* (1988), 173 Ill. App. 3d 738, 743; *People v. Sikes* (1986), 141 Ill. App. 3d 773, 777; *Domovich*, 91 Ill. App. 3d at 874.

In the present case, at issue are: (1) the incorrect date of the offense on the face of two of the complaints, corresponding to subsection (4) of section 111—3(a); and (2) the lack of an indication of subsection of the ordinance section of one of the complaints, corresponding to subsection (2) of section 111—3(a). These are different subsections from that at issue in *Tammen*, in which at issue were the nature and elements of the offense charged, corresponding to

subsection (3) of section 111—3(a). Nevertheless, Illinois courts have not interpreted the *Tammen* court to hold narrowly that only facial defects in the statement of the nature and elements are to be overcome. We have held that objections to defects in other elements listed in section 111—3(a) are waived if not objected to before trial. For instance, in *Askeland*, the complaint charged defendant with "Driving Under Influence," but it failed to allege of what substance defendant was under the influence. In addition, it failed to cite the specific subsection of the pertinent Illinois Vehicle Code section 11—501(a) under which the State was proceeding. This court followed the *Tammen* rationale in that case and, because defendant failed to challenge the sufficiency of the charge prior to trial, the traffic ticket was considered sufficient to state the charge. (*Askeland*, 166 Ill. App. 3d at 81.) In *Askeland*, we interpreted *Tammen* to be broad enough to encompass facial defects in the name of the offense and the statutory provision which was allegedly violated. Thus, in accord with *Askeland*, defendant's objection in the present case to the lack of subsection designation on the improper lane usage complaint is deemed waived as it was not raised prior to trial. Furthermore, there is good reason to expand the *Tammen* rule to the date on the complaint, as well, as discussed below.

The *Tammen* court reasoned that a traffic ticket is not set forth with the same precision as an indictment. It reasoned that the traffic ticket is only used for misdemeanors, is written by the arresting officer instead of a State's Attorney, and is generally written at the time the offense is committed. (*Tammen*, 40 Ill. 2d at 79.) Under these circumstances, the pleader is entitled to some leeway if defendant's objection is not timely.

In addition, this court notes that defendant could have requested a more particular averment as to the date of the offenses charged and the ordinance subsection cited by moving for a bill of particulars but did not do so. (Ill. Rev. Stat. 1991, ch. 38, par. 111—6.) A bill of particulars is provided to give more specificity of detail to supplement a complaint or indictment so as to enable an accused better to understand the nature of the charge against him or to better prepare his defense. *People v. Patrick* (1967), 38 Ill. 2d 255, 260; see also *Tammen*, 40 Ill. 2d at 79; *Askeland*, 166 Ill. App. 3d at 81; *Domovich*, 91 Ill. App. 3d at 874.

Furthermore, the elements of time and place have been held to be " 'subsidiary matters' which are separate and distinct from the substantive matter of stating the nature and elements of the offense charged." (*Patrick*, 38 Ill. 2d at 259, quoting *People v. Blan-*

*chett* (1965), 33 Ill. 2d 527, 533.) The *Patrick* case dealt with an indictment for theft; thus, we determine that the principle clearly applies to circumstances involving Illinois Uniform Traffic Tickets.

Plaintiff further makes the argument that the dates on all complaints clearly fell within the statute of limitations. We note that the date of the offense was, according to the plaintiff, July 19, 1991. The trial took place March 20, 1992, which is well within the 18-month statute of limitations for misdemeanors. Ill. Rev. Stat. 1991, ch. 38, par. 3—5(b).

Furthermore, the plaintiff posits in its brief that the record and the indictment prove that these violations occurred in one transaction or occurrence, thus eliminating the potential for double jeopardy. While it is at issue whether the complaints show that the violations occurred in a single transaction, we note that the record in this case shows that plaintiff's witness testified that the three violations occurred in a single transaction. Thus, defendant will not be subjected to multiple prosecutions for the same offense since plaintiff cannot now charge that defendant violated the three ordinances on more than one occasion. (*People v. Leonhardt* (1988), 173 Ill. App. 3d 314, 320.) Therefore, the constitutional requirement that defendant know the nature of the charge and not be subjected to multiple prosecutions for the same offense will be satisfied.

On the basis of the reasoning herein set forth, we determine that the three complaints were not constitutionally defective, reverse the trial court's directed findings, and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

INGLIS, P.J., and McLAREN, J., concur.