(No. 78372.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES DiLORENZO, Appellant.

*Opinion filed February 15, 1996.*

Robert Agostinelli, Deputy Defender, and Stephen Omolecki, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

James E. Ryan, Attorney General, of Springfield, and Kevin Lyons, State's Attorney, of Peoria (Barbara A. Preiner, Solicitor General, and Arleen C. Anderson and Steven J. Zick, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant, James DiLorenzo, appeals from a judgment of the appellate court finding that the indictment under which defendant was charged was not unconstitutionally defective.

## BACKGROUND

Defendant was charged by indictment with criminal sexual assault, aggravated criminal sexual assault and aggravated criminal sexual abuse (Ill. Rev. Stat. 1991, ch. 38, pars. 12—13(a)(1), 12—14(b)(1), 12—16(c)(1)(i)) of eight-year-old C.R. Following a bench trial in the circuit court of Peoria County, defendant was found guilty of aggravated criminal sexual abuse and was sentenced to an extended term of 14 years' imprisonment.

Defendant appealed, asserting, *inter alia*, a constitu-

tional deficiency in the indictment. The appellate court affirmed defendant's conviction and sentence (No. 3—93—0894 (unpublished order under Supreme Court Rule 23)).

We subsequently granted defendant's petition for leave to appeal (see 145 Ill. 2d R. 315) and now affirm the appellate court.

On appeal to this court, as in the appellate court, defendant urges that reversal of his aggravated criminal sexual abuse conviction is required. He again contends that the indictment was fatally defective in that the aggravated criminal sexual abuse charge failed to explicitly state that the alleged "sexual conduct" with C.R. was "for the purpose of sexual gratification or arousal of the victim or the accused," and also that the indictment failed to set forth with particularity the allegedly wrongful acts that constituted "sexual conduct."

## DISCUSSION

A defendant has a fundamental right, under both the Federal Constitution (U.S. Const., amend. VI) and the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 8), to be informed of the "nature and cause" of criminal accusations made against him. (*People v. Meyers* (1994), 158 Ill. 2d 46, 51.) The "nature and cause" of a criminal accusation refers to the crime committed, not the manner in which it was committed.

The failure to charge an offense is the kind of defect which implicates due process concerns. Such a defect may, therefore, be attacked at any time. See Ill. Rev. Stat. 1991, ch. 38, par. 114—1(b); see also 725 ILCS Ann. 5/114—1, Committee Comments—1963, at 529 (Smith-Hurd 1992).

When the sufficiency of the charging instrument is attacked in a pretrial motion, the standard of review is to determine whether the instrument *strictly* complies with the requirements of section 111—3 of the Code of

Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 111—3(a)). (*Meyers*, 158 Ill. 2d at 51.) Contrarily, when, as here, the sufficiency of a charging instrument is attacked for the first time on appeal, the standard of review is more liberal. In such a case, it is sufficient that the indictment apprised the accused of the precise offense charged with enough specificity to (1) allow preparation of his defense and (2) allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Thingvold* (1991), 145 Ill. 2d 441, 448; *People v. Rege* (1976), 64 Ill. 2d 473, 478; *People v. Gilmore* (1976), 63 Ill. 2d 23, 29; *People v. Pujoue* (1975), 61 Ill. 2d 335, 339. See also Ill. Rev. Stat. 1991, ch. 38, par. 116—2 (motions in arrest of judgment attacking charging instrument on ground that it does not charge an offense are subjected to same two-pronged test).

Defendant was charged by indictment with aggravated criminal sexual abuse. The indictment was in writing, specifically named the alleged committed offense, and provided citation to the relevant statutory provision, date of the offense, county of its occurrence and the defendant's name. Further, the indictment, in the words of the statute, stated that the defendant committed the offense of aggravated criminal sexual abuse in that

> "he, who was 17 years of age or older, knowingly committed an act of sexual conduct with [C.R.] who was under 13 years of age when the act was committed ***."

In this appeal, defendant argues that the indictment was fatally defective in that it failed to: (1) include a material element of the offense, *i.e.*, that the sexual conduct was "for the purpose of sexual gratification"; (2) define the term "sexual conduct," rendering the indictment insufficiently specific; and (3) "specifically describe the sexual conduct" with which he was charged.

Defendant points out that there is a split among the

districts of our appellate court concerning what is sufficient to charge the offense of aggravated criminal sexual abuse. *People v. Lewis* (1st Dist., 3d Div. 1986), 147 Ill. App. 3d 249, *People v. Balle* (1st Dist., 2d Div. 1992), 234 Ill. App. 3d 804, *People v. Allensworth* (3d Dist. 1992), 235 Ill. App. 3d 185, and *People v. Hubbard* (5th Dist. 1994), 264 Ill. App. 3d 188, each holds that it is not necessary to explicitly aver that sexual conduct was "for the purpose of sexual gratification."

On the other hand, *People v. Edwards* (2d Dist. 1990), 195 Ill. App. 3d 454, and *People v. Harris* (1st Dist., 6th Div. 1990), 205 Ill. App. 3d 873 (public indecency), hold that such language must be explicitly stated. Defendant then offers that *Edwards* and *Harris* are better reasoned and should be followed.

A determination of whether the indictment here was required to aver that the conduct was "for the purpose of sexual gratification" or was required to define "sexual conduct" is not essential to the disposition of defendant's appellate challenge. (See *Pujoue*, 61 Ill. 2d at 339.) For purposes of this review, it is sufficient if the indictment apprised defendant of the precise offense charged with enough specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. We do not consider whether the indictment could withstand a pretrial motion to dismiss (see *Rege*, 64 Ill. 2d at 478), or even whether its form tracks precisely the provisions of section 111—3 (see *Gilmore*, 63 Ill. 2d at 29).

Defendant nevertheless asserts that as a result of the alleged defects in the indictment he was unable to prepare a meaningful defense and was "left to guess" as to some of the details of the charge. Other than these broad assertions, however, defendant does not suggest in what manner the claimed defects prejudiced his preparation. See *Thingvold*, 145 Ill. 2d at 448.

Incidentally, to the extent that defendant may have been required to know "some of the details" of the charge he could have filed a request for a bill of particulars. (See *People v. Patrick* (1967), 38 Ill. 2d 255, 260; *People v. Meaderds* (1961), 21 Ill. 2d 145, 148; Ill. Rev. Stat. 1991, ch. 38, par. 114—2.) To determine whether defendant suffered any prejudice in the preparation of his defense, we have examined the indictment and have reviewed the record and transcript of proceedings in this case. (See, *e.g.*, *Rege*, 64 Ill. 2d 473; *Gilmore*, 63 Ill. 2d 23; *Pujoue*, 61 Ill. 2d 335.) It is apparent that prior to and during the trial defendant was aware that he was being tried for "an act of sexual conduct with [C.R.]."

Prior to trial, defendant requested that the State furnish him discovery. In the State's notice of intent to use hearsay statements "pertaining to sexual acts perpetrated on [the complainant] by the Defendant," the State asserted that the substance of those statements was contained in discovery which had been previously provided to defendant. Defendant makes no assertion here that he did not have the benefit of those statements in preparing his defense.

At trial, defendant attempted to bar admission of the hearsay statements concerning the alleged offenses. Further, defendant attempted to rebut testimony to the effect that the victim's hymen was torn as a result of penetration of a sexual nature. Additionally, it was defendant who, in the first instance, questioned the examining physician as to whether the complainant had stated that defendant had inserted his finger inside her vagina. Finally, defendant presented alibi testimony for the period of time during which the alleged sexual conduct occurred. There is nothing in the record to support a conclusion that defendant, as a result of the manner in which the indictment charged the offense, either

was unaware of the nature of the charge against him or was hampered in the preparation of his defense.

Secondly, defendant would be able to plead the judgment in bar to any subsequent prosecution for the same conduct. With the indictment and the allegations setting forth the name of the complainant, the date and place of the offense (see *People v. Grieco* (1970), 44 Ill. 2d 407), along with the record of proceedings (see *Gilmore*, 63 Ill. 2d at 30-31), defendant would be able to assert a double jeopardy defense in bar of a subsequent indictment for this same offense.

## CONCLUSION

The indictment in this case, under which defendant was charged and convicted of the offense of aggravated criminal sexual abuse, suffered from no constitutional deficiency. The judgment of the appellate court is affirmed.

*Affirmed.*