THE PEOPLE OF THE STATE OF ILLINOIS, by the Village of Island Lake, Plaintiff-Appellant, v. LARRY R. LARSON, Defendant-Appellee.

Second District    No. 2—97—0676

Opinion filed May 21, 1998.

Michael W. Feetterer, of Roth & Feetterer, P.C., of McHenry, for appellant.

Thomas W. Gooch III, of Wysocki & Gooch, of Wauconda, for appellee.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The defendant, Larry Larson, was charged by complaint with reckless driving (625 ILCS 5/11—503(a) (West 1996)). After the State presented evidence at his bench trial, the defendant moved to dismiss

the complaint, alleging that it was void because it did not describe the actual conduct on which the charge was based (see 725 ILCS 5/111—3(a)(3) (West 1996)). The trial court granted the motion, and the State appeals (see 145 Ill. 2d R. 604(a)(1)).

The State argues that the complaint, though alleging no facts, was sufficient under the special standard of *People v. Tammen*, 40 Ill. 2d 76 (1968). Defendant responds that *Tammen* applies only to Illinois uniform traffic tickets (see 134 Ill. 2d R. 552), as opposed to other charging instruments, including the long-form complaint used here. We agree with the defendant and affirm.

Laura Leicht, the citizen complainant, signed the sworn complaint on November 6, 1996. The complaint charges that, on or about 8:20 a.m. that day, defendant committed a misdemeanor, reckless driving, "in that he operated a car [therein described] upon Hyacinth Terrace in the vicinity of Ralph Court with willful and wanton disregard for the life, limb and safety of the public." Officer Scott Gaithman's signature attested that Gaithman read the defendant his rights on November 6, 1996. Gaithman prepared the complaint and served it on defendant on November 6, 1996.

After the State presented its evidence at the defendant's bench trial, the defendant argued for the first time that the complaint was void because it did not specify the nature and elements of the reckless driving charge. The court agreed and dismissed the complaint. The State timely appealed.

Although the parties' stipulated statement of facts calls the judgment a "directed finding," the parties agree that the trial court never decided defendant's guilt or innocence but dismissed the complaint as legally inadequate. The court's written order is to the same effect. Therefore, the State may appeal under Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)).

The State argues that, because the defendant was charged with a misdemeanor traffic offense, the complaint was not void for lack of specificity and the defendant could not challenge it for the first time after his trial began. We disagree.

■ Generally, a criminal complaint that lacks the necessary certainty to charge an offense is void and may be attacked at any time. *People v. Heard*, 47 Ill. 2d 501, 505 (1970). A charging instrument must set forth the nature and elements of the offense charged. 725 ILCS 5/111—3(a)(3) (West 1996); *People v. Pena*, 170 Ill. App. 3d 347, 353 (1988). In the reckless driving context, a complaint must set the particular act or acts that comprised the offense. *People v. Griffin*, 36 Ill. 2d 430, 433 (1967); *Pena*, 170 Ill. App. 3d at 353. The complaint here does not do so. The State does not contend that the com-

plaint satisfies the *Griffin* rule. Instead, the State argues that, under *Tammen*, the complaint need not set out the defendant's allegedly criminal acts because it charges him with a misdemeanor traffic offense. We disagree.

■ In *Tammen*, the court held that an Illinois uniform traffic ticket sufficiently informs a defendant of the nature and elements of the offense by naming and citing the offense even if it does not specify the nature and elements of the offense, *i.e.*, the defendant's specific acts. The court explained that the uniform traffic ticket is used only for misdemeanors and is written by the arresting officer (rather than a State's Attorney), ordinarily at the time the offense is committed. Therefore, naming and citing the offense ordinarily will inform the defendant sufficiently of why he is being charged. *Tammen*, 40 Ill. 2d at 78-79.

*Tammen*'s language limits its special rule to uniform traffic tickets. We have recognized that prosecutions based on uniform traffic tickets are *sui generis* and must be distinguished from those based on "criminal complaints, indictments, and informations." *Village of Huntley v. Oltmann*, 242 Ill. App. 3d 725, 727 (1993); see also *People v. Schultz*, 173 Ill. App. 3d 738, 742 (1988); *People v. Domovich*, 91 Ill. App. 3d 870, 873 (1980).

■ As the defendant notes, the State has cited no cases applying *Tammen* to a charging instrument other than a uniform traffic ticket. Also, as the defendant points out, the difference between the complaint here and a standard traffic ticket is not trivial. The complaint relies on information from a citizen rather than on the observations of the officer who drafted it. This procedure could routinely allow a substantial delay between the alleged offense and the drafting or issuance of the complaint. Allowing a nonspecific charge to be made by such a complaint would not be consistent with the reasoning of *Tammen*.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

INGLIS and McLAREN, JJ., concur.