THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY M. OLIVIERI, Defendant-Appellant.

Fourth District    No. 4—00—0741

Opinion filed October 4, 2002.

COOK, J., dissenting.

Daniel D. Yuhas and Judith N. Lozier, both of State Appellate Defender's Office, of Springfield, for appellant.

Frank Young, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MYERSCOUGH delivered the opinion of the court:
Defendant Anthony M. Olivieri appeals his jury conviction for three counts of aggravated criminal sexual assault (720 ILCS 5/12—

14(a)(2) through (a)(4) (West 1998)) and his sentence of 3 consecutive 10-year prison terms. We affirm.

## I. BACKGROUND

Defendant was charged by information with five counts. Counts I and II were counts for home invasion (720 ILCS 5/12—11(a) (West 1998)). Counts III, IV, and V alleged three separate statutory violations for aggravated criminal sexual assault. Count III alleged that defendant caused bodily harm to his victim (720 ILCS 5/12—14(a)(2) (West 1998)); count IV alleged that defendant threatened or endangered the life of his victim (720 ILCS 5/12—14(a)(3) (West 1998)); and count V alleged that defendant committed the sexual assault in the commission of another felony, home invasion (720 ILCS 5/12—14(a)(4) (West 1998)).

At trial, defendant admitted that in the early morning hours of November 27, 1999, he forced his way into the victim's home, battered her rather severely, and then committed at least four acts of sexual penetration, including oral, vaginal, and anal penetrations. Defendant claimed that the sex, which came after the beating, was consensual. The victim and defendant had been in a long-term sexual relationship, and defendant had lived with the victim up until a few days before the assault. The victim testified that the sex was not consensual, defendant had threatened to kill her, and she feared for her life.

The jury found defendant guilty on all three aggravated criminal sexual assault counts, and at the sentencing phase the State filed a sentencing memorandum recommending the trial court enter verdicts on each of the three aggravated sexual assault counts based upon three different acts of penetration. The State also recommended that the two counts of home invasion merge because only one entry resulted in injury to the victim. Defendant argued that the three aggravated sexual assault counts should be merged because the counts were charged in the alternative and, therefore, the charging instrument did not afford him notice that the State was prosecuting each act of penetration as a separate offense.

The trial court merged the remaining count of home invasion into count V, aggravated sexual assault during a home invasion, because home invasion was an included offense in that charge. The trial court sentenced defendant to 10 years for each count of aggravated criminal sexual assault, to be served consecutively. Defendant's posttrial motions were denied. Defendant now appeals.

## II. ANALYSIS

Defendant raises two issues on appeal: (1) the evidence was insufficient to prove him guilty beyond a reasonable doubt, and (2) he was

denied a fair trial because he was charged for one offense under three different theories, yet was sentenced for three separate offenses. We address each issue in turn.

### A. Standard of Review

■ When reviewing the sufficiency of the evidence on appeal, the test on review is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Schott*, 145 Ill. 2d 188, 203, 582 N.E.2d 690, 697 (1991). Where no factual or credibility dispute is involved and the question on appeal involves only the trial court's application of the law to the undisputed facts, the appellate court's standard of review is *de novo*. *People v. Rockey*, 322 Ill. App. 3d 832, 836, 752 N.E.2d 576, 580 (2001).

### B. Sufficiency of the Evidence

■ Defendant first argues that the evidence against him was insufficient to support a conviction for aggravated criminal sexual assault because the victim's testimony was not corroborated. The requirement that a sex-offense victim's testimony be corroborated was specifically abandoned by the Illinois Supreme Court a decade ago in *Schott*, 145 Ill. 2d at 202, 582 N.E.2d at 696-97. Defendant's argument is without merit.

In sex-offense cases, as in all criminal cases, when the issue is the sufficiency of the evidence, the test on review is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Schott*, 145 Ill. 2d at 203, 582 N.E.2d at 697. The victim's testimony, if believed by the jury, proved the elements of each count of aggravated criminal sexual assault beyond a reasonable doubt. We will not substitute our judgment of the credibility of the witnesses for that of the jury. *People v. Brooks*, 187 Ill. 2d 91, 132, 718 N.E.2d 88, 111 (1999).

### C. Sufficiency of Notice That the State Intended To Treat Each Act of Penetration as a Separate Offense

■ Defendant next argues that he was deprived of a fair trial because the charging instrument charged him in the alternative and did not provide notice that the State was proceeding on three separate acts that would support three separate convictions. We disagree.

As defendant points out, the State's Attorney has exclusive discretion in the initiation and management of criminal prosecutions, including the right to choose what charges to bring (*People v. Novak*, 163 Ill. 2d 93, 113, 643 N.E.2d 762, 772-73 (1994)) and in what manner the

charges can be brought. Further, prosecutorial intent, as indicated in the wording of the charging instrument, has been regarded as a significant factor for determining whether defendant's conduct should be treated as a single act. *People v. Crum*, 183 Ill. App. 3d 473, 490, 539 N.E.2d 196, 207 (1989). In the case *sub judice*, the State clearly charged defendant with three separate counts of aggravated criminal sexual assault, and defendant was on notice of his need to defend against all three counts. Moreover, and contrary to defendant's assertion, defendant was not charged alternatively with three counts of aggravated criminal sexual assault.

The record reflects defendant was clearly charged by information with three separate sexual assaults: (1) by threatening the victim, (2) by causing bodily harm, and (3) by acting during a home invasion:

"COUNT III—AGGRAVATED CRIMINAL SEXUAL ASSAULT, in that he, in committing a Criminal Sexual Assault[,] caused bodily harm to [R.Y.], in violation of 720 ILCS 5/12—14(a)(2) [(West 1998)].

COUNT IV—AGGRAVATED CRIMINAL SEXUAL ASSAULT, in that he, in committing a Criminal Sexual Assault, acted in such a manner as to threaten or endanger the life of [R.Y.], in violation of 720 ILCS 5/12—14(a)(3) [(West 1998)].

COUNT V—AGGRAVATED CRIMINAL SEXUAL ASSAULT, in that he, in committing a Criminal Sexual Assault[, committed the assault] during the course of the commission or attempted commission of another felony by the accused, Home Invasion, in violation of 720 ILCS 5/12—14(a)(4) [(West 1998)]."

These three offenses were not charged in the alternative.

Further, in addition to the clear language in the charging instrument, the evidence presented throughout the preliminary hearing, trial, and sentencing consistently references three separate assaults, in keeping with the manner in which defendant was charged. At the preliminary hearing, the State presented the testimony of Investigator Kirk Miller, who testified to three separate sexual acts perpetrated against the victim. During direct examination of Miller, the State was specific in inquiring whether the victim had consented to "any type" of sexual activity, *e.g.*, intercourse, oral sex, or anal sex.

"MR. BRINEGAR [(Assistant State's Attorney)]: Did you question her about whether at any time that she consented to any type of sexual activity with him on that day?

KIRK MILLER [(Investigator)]: Yes, I did.

Q. And what is her answer to that question?

A. She stated she did not consensually engage in any sexual activity with Mr. Olivieri.

Q. Specifically what type of sexual activity did he force her to engage in?

A. Oral sex, anal sex, and sexual intercourse."

Further, at trial the State presented and argued the case—without objection—to the jury as five separate crimes. In the statement of the case, the State argued:

"The People further charge that on or about November 27, 1999, the defendant in committing a Criminal Sexual Assault caused bodily harm to [R.Y.] in violation of statute.

The People further charge that on or about November 27, 1999, the defendant, in committing a Criminal Sexual Assault, acted in such a manner as the [sic] threaten or endanger the life of [R.Y.] in violation of statute.

The People further charge that on or about November 27, 1999, the defendant, in committing a Criminal Sexual Assault [, committed the assault] during the course of the commission or attempted commission of another felony by the accused, Home Invasion, in violation of statute."

The State also argued three separate acts in opening and three separate sexual penetrations in closing.

"Two days later Anthony Olivieri in the early morning hours of November 27 after calling [R.Y.'s] house several times, getting no answer, started knocking on [R.Y.'s] door. She refused to answer the door, so he broke it in. He knocked the glass out of the door.

She tried to call—she was running. She tried to call the police. Before she could get to the phone, she is grabbed, and she is choked. She is choked to the extent that she passes out for a short period of time, wakes up, is choked again, is struck, is raped, is forced to suck on his penis. He places his finger in her rectum. He leaves marks. ***

* * *

The [d]efendant caused bodily harm to [R.Y.]. That's one of the three different ways. There are three different ways to commit aggravated criminal sexual assault. Two issues are the same in those charges. One is different. The difference is where the bodily harm is called, another aggravated factor that makes it more serious than criminal sexual assault.

Whether the [d]efendant acted in a manner as to threaten or endanger the life of the victim, another aggravated factor that makes it more serious than criminal sexual assault.

And the last one, committing it during a home invasion. As to all three of those[,] you have to prove first the [d]efendant committed the act of sexual penetration; second, that he committed the act by the use of force or threat of force; and then one of those different aggravating factors.

Again, no question we have bodily harm. Two, there's no ques-

tion he threatened or endangered her life. I would suggest anyone who knocks your head into a wall to the extent that you are knocked out, in addition to threatening you, has threatened or endangered your life.

And, third, the home invasion we've already talked about. He's committing this sexual assault during home invasion.

\* \* \*

Ladies and [g]entlemen, I ask you to use your common sense here. Look at the evidence you saw, and from that evidence that you heard from the stand there and see in the photos here and seeing the [d]efendant's own signature about where he was living on November 27, the only appropriate verdicts, the only verdicts called for, screamed for, by the evidence that you heard are guilty on all five counts."

Defendant himself also testified to five separate penetrations.

In addition, the jury was instructed without objection and returned verdicts on three separate crimes of criminal sexual assault: (1) by threatening the victim, (2) by causing bodily harm, and (3) by acting during a home invasion. (Unfortunately, this record contains only the jury verdicts, not the complete instructions or a transcript of their reading to the jury.)

Finally, we disagree with defendant's argument that the State was required to reference the specific penetration in each count. For purposes of review, the indictment was sufficient if it apprised defendant of the precise offense charged with enough specificity to allow him to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. DiLorenzo*, 169 Ill. 2d 318, 323, 662 N.E.2d 412, 414 (1996). Further, Illinois case law provides that the type of sexual penetration is not an element of the offense, and its inclusion in the indictment is merely surplusage. *People v. Carter*, 244 Ill. App. 3d 792, 803-04, 614 N.E.2d 452, 460 (1993). Therefore, if the statutory language used describes specific conduct, it is unnecessary for the indictment to specify the exact means by which the conduct was carried out. The State need only prove that a type of sexual penetration occurred beyond a reasonable doubt. *People v. Foley*, 206 Ill. App. 3d 709, 718, 565 N.E.2d 39, 45 (1990). Moreover, to the extent that defendant may have desired to know more of the details of the charge, he could have filed a request for a bill of particulars. *DiLorenzo*, 169 Ill. 2d at 324, 662 N.E.2d at 414.

In reaching this conclusion, we distinguish the Illinois Supreme Court's ruling in *People v. Crespo*, 203 Ill. 2d 335 (2001). In *Crespo*, the defendant stabbed his victim three times. Based upon these three

stabs, the defendant was charged with aggravated battery and armed violence, with the armed violence charge predicated upon the aggravated battery (great bodily harm). Following a jury trial, the defendant was convicted and sentenced for both offenses. *Crespo*, 203 Ill. 2d at 337. The defendant argued that the aggravated battery charge must be vacated because it was based upon the same physical act (the three stabs) as the armed violence conviction. *Crespo*, 203 Ill. 2d at 337. On appeal before the supreme court, the State argued for the first time that each stab was a separate act that could support a separate conviction. *Crespo*, 203 Ill. 2d at 340.

The Illinois Supreme Court noted that each stab *"could have"* supported a separate conviction, and the State *"could have* argued the case to the jury that way."* (Emphases in original.) *Crespo*, 203 Ill. 2d at 344. The State, however, portrayed the stabs to the jury as a single attack, and the State never argued to the jury that each stab alone would be sufficient to sustain the charge against defendant. Under those circumstances, the Illinois Supreme Court found that to apportion the crimes among the various stabs for the first time on appeal would be "profoundly unfair." *Crespo*, 203 Ill. 2d at 343.

In contrast, in the case *sub judice*, each count in the information charged defendant with aggravated criminal sexual assault and cited the specific conduct prohibited in the relevant statutes. In addition, the State presented and argued the case to the jury as separate acts of aggravated criminal sexual assault. Consequently, referencing the multiple sexual acts with specificity to the counts charged would have added superfluous information that did not need to be proved for defendant to be convicted of the offenses charged. See *Foley*, 206 Ill. App. 3d at 718-19, 565 N.E.2d at 45.

## III. CONCLUSION

For the reasons set forth above, we affirm the trial court's judgment.

Affirmed.

STEIGMANN, J., concurs.

JUSTICE COOK, dissenting:
I respectfully dissent.
The majority opinion is contrary to the supreme court's recent decision in *Crespo*.

> "We emphasize that in *Dixon*, this court held that each separate blow of a mop handle could support a separate conviction and that

this remains a valid proposition of law. Today's decision merely holds that in cases such as the one at bar, the indictment must indicate that the State intended to treat the conduct of defendant as multiple acts in order for multiple convictions to be sustained." *Crespo*, 203 Ill. 2d at 345.

In *Crespo*, the supreme court pointed out that the counts charging defendant with armed violence and aggravated battery "do not differentiate between the separate stab wounds. Rather these counts charge defendant with the same conduct under different theories of criminal culpability." *Crespo*, 203 Ill. 2d at 342. The supreme court noted the language in each count, "by stabbing Arlene Guerrero with said knife," and "stabbed Arlene Guerrero with a knife," and commented that "[n]owhere in these charges does the State attempt to apportion these offenses among the various stab wounds." *Crespo*, 203 Ill. 2d at 343.

The offenses in the present case are charged the same way as the offenses in *Crespo*: count III, "in committing a Criminal Sexual Assault," count IV, "in committing a Criminal Sexual Assault," and count V, "in committing a Criminal Sexual Assault." 334 Ill. App. 3d at 315. Nowhere in these charges does the State attempt to apportion these offenses among the various penetrations.

There was testimony in the present case that defendant forced the victim to engage in oral sex, anal sex, and sexual intercourse. In *Crespo*, however, there was testimony that defendant stabbed the victim three times. *Crespo*, 203 Ill. 2d at 339. That testimony alone was not sufficient to apportion the offenses among the various stab wounds. The same is true here.

Throughout the course of the trial, the prosecutor referred to the penetrations collectively as "the sexual assault." The prosecutor's argument distinguished between the three offenses only on the basis of the aggravating factor. "The [d]efendant caused bodily harm to [R.Y.]. That's one of the three different ways." 334 Ill. App. 3d at 316. "Whether the [d]efendant acted in a manner as to threaten or endanger the life of the victim, another aggravated factor that makes it more serious than criminal sexual assault. And the last one, committing it during a home invasion." 334 Ill. App. 3d at 316. Nowhere in the argument did the prosecutor attempt to apportion the offenses among the various penetrations. "As to all three of those[,] you have to prove first the [d]efendant committed the act of sexual penetration; second, that he committed the act by the use of force or threat of force; and then one of those different aggravating factors." 334 Ill. App. 3d at 316. The argument was not that there were "*acts*" of penetration; according to the argument, the jury was permitted to find that "*the act* of sexual penetration" occurred, accompanied by "one of

those different aggravating factors." (Emphasis added.) 334 Ill. App. 3d at 316. There was no reference to different acts of sexual penetration.

I do not understand the majority's argument that "the State presented and argued the case to the jury as separate acts of aggravated criminal sexual assault." 334 Ill. App. 3d at 318. As the majority says elsewhere, "the jury was instructed without objection and returned verdicts on three separate crimes of criminal sexual assault: (1) by threatening the victim, (2) by causing bodily harm, and (3) by acting during a home invasion." 334 Ill. App. 3d at 317. The only differentiation between the three counts was the aggravating factor. There was no attempt to apportion these offenses among the various penetrations. See *Crespo*, 203 Ill. 2d at 343.

The majority opinion raises several constitutional problems. Both the United States and Illinois Constitutions require that a defendant in a criminal prosecution be informed of the nature and cause of the prosecution. *Crespo*, 203 Ill. 2d at 345. If the majority is correct, defendant would not have known until the sentencing hearing that the State considered each of the penetrations to be separate offenses and therefore would not have been able to defend the case accordingly. See *Crespo*, 203 Ill. 2d at 345; see also 334 Ill. App. 3d at 313 ("at the sentencing phase the State filed a sentencing memorandum recommending the trial court enter verdicts on each of the three aggravated sexual assault counts based upon three different acts of penetration").

I would affirm defendant's conviction and sentence for count V. I would vacate defendant's convictions and sentences for counts III and IV.