THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PATRICK FLYNN, Defendant-Appellee.

Third District   Nos. 3—03—0990 through 3—03—0993 cons.

Opinion filed October 18, 2004.

1194

Jeff Tomczak, State's Attorney, of Joliet (Lawrence M. Bauer and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Charles E. Thomas, of Thomas & Delaney, of Joliet, and Douglas C. Tibble, of Brooks, Adams & Tarulis, of Naperville, for appellee.

JUSTICE SCHMIDT delivered the opinion of the court:

The defendant, Patrick Flynn, was charged by indictment with several offenses, including five counts of business transaction fraud. 815 ILCS 5/12(J)(2) (West 2000). He moved to dismiss the business transaction fraud counts, claiming that the indictment was insufficient because it did not include the required mental state for those offenses. The trial court granted defendant's motion. On appeal, the State contends that: (1) the trial court erred in considering the motion to dismiss because it was not timely filed; and (2) the court erred in granting the motion because the indictment adequately alleged the required mental state for business transaction fraud. We reverse and remand for further proceedings.

The State charged defendant in a "second superseding bill of indictment" with 15 counts of theft and 5 counts of business transaction fraud. Each of the business transaction fraud counts alleged that defendant, while acting as an investment advisor to various clients over 60 years of age, "engaged in a course of business that operated a fraud and deceit" upon them. The State alleged defendant made false statements to his clients that he would place their money in insured, guaranteed and safe investments, and that the clients lost substantial sums of money as a result of their reliance on defendant's false statements.

On the second day of the bench trial, defendant filed a motion to dismiss the business transaction fraud counts. In his motion, defendant claimed that the indictment was fatally defective because it failed to allege a mental state, which is a necessary element of the offense of business transaction fraud.

The trial court granted defendant's motion to dismiss. The State filed a notice of appeal, and the court entered an order suspending the bench trial pending resolution of the appeal.

The State's first contention on appeal is that the trial court erred in considering defendant's motion to dismiss because it was not timely filed.

■ Defendant's motion to dismiss challenged the sufficiency of the indictment to charge an offense. Such a claim implicates due process concerns and may be raised at any time. See *People v. DiLorenzo*, 169 Ill. 2d 318, 662 N.E.2d 412 (1996); *People v. Larson*, 296 Ill. App. 3d 647, 695 N.E.2d 524 (1998). Therefore, the trial court did not err in considering the motion to dismiss which was filed after the trial began.

The State also contends that the trial court erred in granting the motion to dismiss because the indictment adequately alleged the elements, including the required mental state, for business transaction fraud.

■ When the sufficiency of an indictment has been challenged at trial, the correct standard of review is whether the indictment states the nature of the offense and adequately sets forth each of the elements. *People v. Johnson*, 231 Ill. App. 3d 412, 595 N.E.2d 1381 (1992); *People v. Young*, 220 Ill. App. 3d 488, 581 N.E.2d 241 (1991). An indictment that charges an offense in the language of the statute will be deemed sufficient when the words of the statute so far particularize the crime that by their use alone a defendant is apprised with reasonable certainty of the precise offense with which he is charged. *People v. Meyers*, 158 Ill. 2d 46, 630 N.E.2d 811 (1994). An indictment is not defective for failing to allege a mental state for an offense when the statute defining that offense does not include a mental state. *People v. Lee*, 294 Ill. App. 3d 738, 691 N.E.2d 117 (1998); *People v. Bofman*, 283 Ill. App. 3d 546, 670 N.E.2d 796 (1996). The relevant inquiry is whether the indictment provides sufficient particularity to enable the defendant to prepare a proper defense. *Meyers*, 158 Ill. 2d 46, 630 N.E.2d 811.

■ Defendant acknowledges that the statute defining business transaction fraud does not include a specific intent as an element. We agree that the statute does not include a required mental state for the offense. See 815 ILCS 5/12(J)(2) (West 2000). Accordingly, an indictment charging this offense need not specifically allege a mental state to be sufficient.

When a statute defining an offense does not provide a mental state, the applicable mental state can be any of the following: intent, knowledge or recklessness. 720 ILCS 5/4—3(b), 4—4, 4—5, 4—6 (West 2000). In this case, the indictment alleges that defendant engaged in a course of business that operated as a fraud or deceit upon his clients. Fraud is generally defined as a knowing misrepresentation of the truth or a concealment of a material fact to induce another to act to his detriment. Black's Law Dictionary 670 (7th ed. 1999). Given this definition, common sense dictates that a person committing a fraud has acted knowingly or intentionally. *Cf. People v. Jones*, 149 Ill. 2d

288, 595 N.E.2d 1071 (1992) (information charging armed robbery implicitly set forth mental state required to sustain lesser included offense of theft because common sense dictates that a person who commits robbery either intentionally or knowingly deprives the owner permanently of his property). Based on these circumstances, we conclude that the mental state for the offense of business transaction fraud is implied by the language contained in the indictment.

In sum, we find that the indictment, which tracks the language of the statute, is sufficient to apprise defendant with reasonable certainty of the precise offense charged and to enable him to prepare a proper defense. Accordingly, we reverse the trial court's order dismissing the five counts of business transaction fraud and remand this matter for further proceedings.

For the foregoing reasons, the judgment of the Will County circuit court is reversed, and this matter is remanded for further proceedings.

Reversed and remanded.

BARRY and LYTTON, JJ., concur.