2021 IL App (2d) 200324-U
No. 2-20-0324
Order filed July 6, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-CM-995 |
| COLEMAN P. McDONAGH, | ) ) | Honorable Mary H. Nader, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Zenoff and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: On appeal from defendant's two battery convictions, (1) the superseding information adequately informed him of the nature and cause of the charges; (2) he forfeited his one-act, one-crime challenge, and in any case, the record is clear that his convictions were based on separate acts; and (3) the evidence was sufficient to convict him of both batteries.

¶ 2    Defendant, Coleman P. McDonagh, appeals his convictions of two counts of battery (720 ILCS 5/12-3(a)(1), (a)(2) (West 2018)) related to an altercation that occurred at a marina. He contends that (1) the State's superseding information was defective, (2) his convictions violate the

one-act, one-crime rule, and (3) the State failed to prove him guilty beyond a reasonable doubt. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      In August 2019, defendant was charged by complaint with battery, specifically that, on or about July 28, 2019, defendant "knowingly caused bodily harm to Michael Starykowicz, in that he pushed Michael Starykowicz with his forearm causing him to fall on to [*sic*] the bow of a boat." On January 23, 2020, the State filed a superseding information alleging two counts of battery. Count 1 alleged that defendant committed the offense of battery under "section 12-3(a)(1) of Act 5 of Chapter 625 [*sic*] of the Illinois Compiled Statutes," in that defendant "knowingly without legal justification caused bodily harm to Michael Starykowicz, to wit: [defendant] struck Michael Starykowicz about the body, causing pain."  Count 2 alleged that defendant committed the offense of battery under "section 12-3(a)(2) of Act 5 of Chapter 625 [*sic*] of the Illinois Compiled Statutes," in that defendant "knowingly without legal justification made physical contact of an insulting or provoking nature with Michael Starykowicz, to wit: [defendant] struck Michael Starykowicz about the body."  The State told the court that it sent notice to defendant that it was filing the information "just clarifying the language on the battery" and adding the second count. The court asked if there was any objection to the information being filed, and defense counsel answered, "No."  That same day a bench trial was held.

¶ 5      Starykowicz testified that he was age 62 and that, on July 28, 2019, he was at a marina with his wife.  Starykowicz had brought his boat in and tied it at the end of the pier.  He and his wife saw defendant pulling his boat around other boats, "banging his boat into those boats," and climbing onto the boats. According to Starykowicz, defendant's boat began "banging" his.  He testified that he jumped out of his boat, ran up the pier and started to tell defendant, "Pull your

boat back. Pull your your [*sic*] boat back. What are you doing? Pull your boat back." Defendant then hit Starykowicz twice with his fist, the second time hitting him in the side of the head, causing pain in the back of his head and neck. Starykowicz testified that he then jumped onto his boat to push defendant's boat away and that defendant jumped on the back of his left leg and twisted it. Starykowicz repeatedly testified that defendant had a large stature, stating, for example, that "you can see the size of him."

¶ 6      Starykowicz testified to the lasting effects of the incident. He continued to have problems with his knee and was currently wearing a knee brace. He had seen a doctor three times about the knee and needed further testing. His doctor also diagnosed him with a mild concussion. He testified that he had floaters in his left eye and problems with balance and short-term memory.

¶ 7      Starykowicz testified that, during the incident, defendant jumped onto Starykowicz's boat, damaging the cover, a buoy locker cover, the windshield, and a swim platform cover. The police came, and Starykowicz gave them a statement. On cross-examination, Starykowicz denied swearing at defendant or running up to him. When defense counsel suggested that defendant jumped onto the boat cover, lost his balance, and fell on Starykowicz, Starykowicz said, "No. He jumped on me. He didn't jump on the cover." Starykowicz admitted that he had no visible injuries after the incident. He told the police he had been injured, but he did not recall mentioning any injury in his statement to the police. He initially told the police only about the damage to his boat cover. Not until afterward did he discover the additional damage.

¶ 8      Officer Christopher Tolle testified that he responded to the call about the incident. Defendant told him that a piece of rope had become wrapped around his propeller, disabling his boat, and that a dockhand helped guide him in. Defendant said that he jumped onto other boats to make sure that his boat did not hit them. Defendant told Tolle that, as he approached Starykowicz's

boat, Starykowicz yelled obscenities at him. Defendant jumped onto Starykowicz's boat to protect it from getting hit, but the boat cover ripped. Starykowicz pushed defendant. Tolle did not see any visible injuries on Starykowicz, and Starykowicz did not show him any damage to the boat.

¶ 9    Detective Jason Greenwald testified that he advised defendant that he was being charged with battery. Defendant was confused as to why he was being charged. Defendant told Greenwald that he pushed Starykowicz only because Starykowicz had pointed a finger at him in close proximity.

¶ 10    Defendant testified that his boat became incapacitated and that a dockhand helped him get around the other boats at the pier. He said that, as he came upon Starykowicz's boat, Starykowicz started to swear and kept repeating, " 'Don't touch my fucking boat.' " According to defendant, Starykowicz got out of his boat and walked quickly toward defendant while swearing at him. Defendant described Starykowicz as having a "frustrating look on his face." Starykowicz came into defendant's personal space, and defendant pushed him back as he approached. Defendant said that Starykowicz "had his finger in my face." Defendant had children in his boat and felt nervous and threatened.

¶ 11    Defendant testified that he intended to jump onto Starykowicz's boat to push the boats apart, but his foot went through the cover and he fell. He said that Starykowicz grabbed him and wrestled with him on the boat. Defendant denied striking Starykowicz at any time. He also denied that his boat hit other boats at the marina. Defendant acknowledged writing in his statement to the police that, while he was on Starykowicz's boat, Starykowicz jumped him from behind and grabbed him and that he then pushed Starykowicz away.

¶ 12    The State introduced into evidence a video from the marina. The video has no audio and depicts the incident from a distance. The video shows defendant's boat coming very close to, and

possibly bumping into, other boats at the pier. When defendant's boat approaches Starykowicz's boat, Starykowicz walks briskly toward defendant, who then pushes or hits him. Starykowicz then jumps onto his boat to try to push defendant's boat away. Defendant jumps onto the boat behind Starykowicz, and either falls on Starykowicz or pushes him down. The two then have a brief scuffle during which defendant appears to grab Starykowicz. The video also shows defendant walking on both the front and back of Starykowicz's boat and either trying to push his own boat away or taking a rope from people on his boat. While the video at times shows multiple people on the pier, no dockhand is seen guiding in defendant's boat.

¶ 13    During closing arguments, the State argued that defendant struck Starykowicz on the pier and then again on the boat. The court found defendant guilty on both battery counts. The court stated that "[t]he video is probably the most truthful thing of all of the testimony." The court noted that it showed defendant guiding his boat toward Starykowicz's properly docked boat. The court found that Starykowicz, who was older and of smaller stature than defendant, moved toward defendant with a normal gait. The court also found that defendant clearly pushed Starykowicz while they were on the pier and that defendant again pushed Starykowicz while they were on the boat. The court further found that the battery caused bodily harm to Starykowicz based on his testimony about his injuries.

¶ 14    Defendant moved for a new trial, arguing that the evidence was insufficient to prove him guilty beyond a reasonable doubt. He also argued that the superseding information was defective because it listed the wrong statutory chapter for the offenses. The trial court, however, found that the incorrect citation was a typographical error and that the information apprised defendant of the offenses with sufficient specificity for defendant to prepare and present his defense at trial. The court also determined that the evidence was sufficient to find defendant guilty beyond a reasonable

doubt. The court found that defendant caused bodily harm as charged in count 1 when he pushed Starykowicz on the boat and twisted his leg, and that defendant made physical contact of an insulting or provoking nature as charged in count 2 when he initially pushed Starykowicz on the pier. Defendant was ordered to pay restitution and sentenced to supervision. He appeals.

¶ 15                                   II. ANALYSIS

¶ 16     Defendant first contends that the superseding information was defective because it did not distinguish the conduct underlying each count.

¶ 17     A defendant has a fundamental right to be informed of the "nature and cause" of the criminal accusations against him. *People v. DiLorenzo*, 169 Ill. 2d 318, 321 (1996). The "nature and cause" of the accusation refers to the crime committed rather than how it was committed. *Id.* Section 111-3(a)(3) of the Code of Criminal Procedure of 1963 (Code) requires that the charging instrument set forth "the nature and elements of the offense charged" (725 ILCS 5/111-3(a)(3) (West 2018)).

¶ 18     Although a charging instrument may be attacked at any time for failure to charge an offense, the timing of the challenge determines which standard applies. Where the defendant challenges a charging instrument before trial, the question is whether the instrument strictly complied with the requirements of section 111-3 of the Code. *DiLorenzo*, 169 Ill. 2d at 321-22. But where, as here, the defendant attacks the sufficiency of a charging instrument for the first time on appeal, the instrument is construed more liberally, and we must determine whether the instrument provided the defendant with enough specificity as to the crime charged so that he could (1) adequately prepare his defense and (2) be able to plead a resulting conviction as a bar to future prosecutions arising out of the same conduct. *People v. Cuadrado*, 214 Ill. 2d 79, 86-87 (2005); *DiLorenzo*, 169 Ill. 2d at 322.

¶ 19    "A person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual."  720 ILCS 5/12-3(a) (West 2018).  Count 1 used the language of the statute, alleging that defendant knowingly without legal justification caused bodily harm to Starykowicz by striking him about the body, causing pain.  Count 2 likewise used the statutory language, alleging in count 2 that defendant knowingly without legal justification made physical contact of an insulting or provoking nature with Starykowicz by striking him about the body.  These allegations sufficiently informed defendant of the nature and cause of the charges against him.  This was confirmed by defendant's presentation at trial of a defense that pertained to both batteries.  Specifically, defendant claimed that he pushed Starykowicz because he felt nervous and threatened when Starykowicz approached him with a pointed finger and invaded his personal space.

¶ 20    Defendant also argues that the information was insufficient because it provided the wrong statutory citation for the offenses.  However, the incorrect chapter number was an inconsequential typographical error.  See *People v. Dean*, 303 Ill. App. 3d 758, 761 (1999).  A formal defect in an information, such as a typographical error, may be corrected at any time.  725 ILCS 5/111-5(a) (West 2018); *People v, Kimbrough*, 163 Ill. 2d 231, 244-45 (1994).  Thus, the error in the chapter number does not entitle defendant to relief.

¶ 21    Defendant next argues that his convictions must be vacated under the one-act, one-crime rule because the State did not specify in the superseding information which acts supported which crime and did not apportion the acts at trial.  Defendant, however, did not raise the issue in the trial court, and the State argues that he thereby forfeited it.

¶ 22    A defendant cannot be convicted of more than one offense "carved from the same physical act." *People v. King*, 66 Ill. 2d 551, 566 (1977). However, it is well settled that, to preserve an alleged error for review, the defendant must object at trial *and* include the alleged error in a posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Here, defendant did not raise the issue in the trial court. As a result, we may review this claim of error only if defendant has established plain error. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010); see Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). "The plain-error doctrine is a narrow and limited exception." *Hillier*, 237 Ill. 2d at 545. To obtain relief under this rule, a defendant must show that:

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

"Under both prongs of the plain-error doctrine, the defendant has the burden of persuasion." *Hillier*, 237 Ill. 2d at 545. "If the defendant fails to meet his burden, the procedural default will be honored." *Id.* A defendant who fails to argue for plain-error review cannot meet his burden of persuasion. *Id.* Thus, "when a defendant fails to present an argument on how either of the two prongs of the plain-error doctrine is satisfied, he forfeits plain-error review." *Id.* at 545-46.

¶ 23    Here, defendant did not raise his one-act, one-crime below, and he does not argue that plain error applies on appeal. Accordingly, defendant's argument on the issue is forfeited. In any event, we also note that, while the information did not apportion the acts to the crimes, the record as a whole shows that the State was proceeding on the theory that defendant committed two batteries

based on two different acts of striking Starykowicz, once on the pier and once on the boat. Further, because it was a bench trial, the court, unlike a jury, would have "understood the need to consider whether there was sufficient evidence to conclude that the defendant's actions constituted separate offenses." *People v. Span*, 2011 IL App (1st) 083037, ¶ 88. Indeed, the trial court stated, when it denied the motion for a new trial, that it had convicted defendant of two batteries based on different acts, *i.e.*, the conduct on the boat (count 1) and the conduct on the pier (count 2). Thus, the record definitively shows that defendant was not convicted of two crimes based on a single act.

¶ 24    Finally, defendant argues that the evidence was insufficient to prove him guilty beyond a reasonable doubt. When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Amigon*, 239 Ill. 2d 71, 77 (2010). The critical inquiry is whether the evidence could reasonably support a guilty finding, regardless of whether the evidence is direct or circumstantial. *People v. Lissade*, 403 Ill. App. 3d 609, 612 (2010). The fact finder is responsible for determining the witnesses' credibility, weighing their testimony, and deciding on the reasonable inferences to be drawn from the evidence. See *People v. Hill*, 272 Ill. App. 3d 597, 603-04 (1995). "Because the trier of fact is best positioned to judge the credibility of the witnesses and resolve disputes in the evidence, its decision is entitled to great deference." *Lissade*, 403 Ill. App. 3d at 612. We will reverse the defendant's conviction only where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt. *Id.*

¶ 25    Defendant argues that there was a lack of evidence that his physical contact with Starykowicz was not an accident. We disagree. Starykowicz testified that defendant struck him on the pier and, when he went onto the boat, defendant jumped on him, twisting his leg and causing

injury. The video largely corroborates that testimony. To the extent that the video is not clear whether defendant fell on the boat or jumped on Starykowicz, Starykowicz specifically testified that defendant jumped on him. Defendant also argues that the State failed to prove that bodily injury occurred, but Starykowicz specifically testified about the injuries caused by both batteries. Accordingly, the State proved defendant guilty beyond a reasonable doubt.

¶ 26                              III. CONCLUSION

¶ 27    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 28    Affirmed.