# Illinois Official Reports

## Appellate Court

***People v. Roe*, 2015 IL App (5th) 130410**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee v. BRIAN ROE, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-13-0410 |
| Filed<br>Rehearing denied | January 6, 2015<br>January 23, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although the charging instrument in defendant's case made reference to defendant's failure to register as a sex offender within three days of his conviction rather than within three days of his discharge, parole, or release from incarceration, defendant's due process rights were not denied, and even if defendant's indictment was found not to have specifically apprised defendant of the charge against him, that is, failing to register as a sex offender within three days of his release from incarceration, the variance did not warrant reversing defendant's conviction, since it was not material, misleading, or likely to expose defendant to the possibility of double jeopardy; therefore, his claim that his right to due process was violated by his "conviction for a charge not made" was rejected and his conviction was affirmed. |
| Decision Under Review | Appeal from the Circuit Court of Williamson County, No. 13-CF-175; the Hon. John Speroni, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Michael J. Pelletier, Ellen J. Curry, Sara D. Parrish, and Alexander G. Muntges, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Garnati, State's Attorney, of Marion (Patrick Delfino, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE WELCH delivered the judgment of the court, with opinion. Justices Stewart and Schwarm concurred in the judgment and opinion.

**OPINION**

¶ 1   The defendant, Brian Roe, was charged by amended information with failure to register as a sex offender in accordance with the Sex Offender Registration Act (the Act) (730 ILCS 150/1 *et seq.* (West 2012)). The defendant was found guilty at a stipulated bench trial. On appeal, the defendant argues that the State failed to present any evidence that he "failed to register within three days of his conviction as charged in the information," yet he was convicted for failing to register within three days of his release from the Department of Corrections. The defendant asserts that the "conviction for a charge not made" is a violation of his constitutional right to due process. For the following reasons, we affirm.

¶ 2   The defendant was arrested on April 16, 2013. An information filed on April 17, 2013, asserted in count I that the defendant failed to report a change of address in violation of the Act, having previously been convicted of failure to report a change of address in Williamson County. Count II asserted that he failed to register as a sex offender with the county sheriff or city police department of his residence in violation of the Act. The first count was dismissed at a preliminary hearing on May 13, 2013. The court found probable cause existed on the second count, as there was evidence he was living in Carterville as early as March and the defendant did not report "anything[,] anywhere."

¶ 3   The amended information, filed May 28, 2013, asserted that on April 16, 2013, the defendant "committed the offense of failure to register as a sex offender" where he "knowingly failed to register, in accordance with the provisions of the Child Sex Offender Registration Act, with the County Sheriff or City Police Department of his residence as required within three days of his conviction, and having been previously convicted of Failure to Report Change of Address, in Williamson County cause 11-CF-412, on December 2, 2011. [*sic*] in violation of Chapter 730, Act 150, Section 6, Illinois Compiled Statutes."

¶ 4   At the defendant's July 30, 2013, stipulated bench trial, the State requested that the court take judicial notice of the defendant's conviction in Williamson County cause number 11-CF-412, wherein the defendant admitted to failing to register as a sex offender on September 3, 2011, and was sentenced to two years in the Illinois Department of Corrections. The State also asked the court to recognize a conviction of criminal sexual abuse from Union

County, which began the required registration period for the defendant. The State asserted that it would present evidence that the defendant was listed as homeless and as a noncompliant sex offender in the Illinois State Police reports because he was released from his two-year imprisonment on March 5, 2013, and he had not registered after his release. The State noted that a reporting agent would testify that she received information on the defendant's whereabouts, and upon finding him at an acquaintance's house, the defendant came willingly and stated that "it's better this way." The State would then show that the defendant was taken into custody on April 16, 2013, because he had not registered since being released from the Department of Corrections, as was required for him on a weekly basis due to his "homeless" status. The court asked the defendant if he concurred "not that [he] necessarily agree[d] with [the State's evidence]," but that the above information was the evidence that the State would present at his trial. The defendant stipulated to the State's evidence. The defendant then read a statement he had prepared regarding the difficulty of adhering to the sex offender registration requirements and asserting that the requirements are unconstitutional.

¶ 5        The court requested argument from both parties. The State asserted that the statute is constitutional, and the defendant was "well-aware" of his requirement to register within three days of being released and to reregister every seven days due to his status as a homeless offender. The defendant's counsel replied that the defendant felt that he was not guilty, as it was his belief "that he cannot possibly comply with [the Act's requirements]." The defendant was found guilty of failure to register as a sex offender as set forth in the amended count. The court concurred with the parties' agreed-upon sentencing determination, and the defendant was sentenced to four years in the Illinois Department of Corrections and two years of mandatory supervised release.

¶ 6        On appeal, the defendant argues that the State did not prove that he failed to register as a sex offender "within three days of his conviction," which is "an essential fact necessary to constitute the crime with which he was charged." Specifically, he asserts that the State charged him with failure to register within three days of his conviction, but the evidence presented at trial did not support a conviction on that charge. Rather, the defendant argues, the State's evidence demonstrated that he failed to register as a sex offender after he was released from prison on March 5, 2013. The defendant requests that this court reverse his conviction because the State did not prove the elements of the charged offense beyond a reasonable doubt and because his conviction amounts to an arbitrary deprivation of liberty that violates his constitutional right to due process. The State responds that the sex offender registration statute must be read as a whole, and that the difference between the charge and the proof is a nonfatal variance which does not affect the outcome of the trial. We agree with the State's reasoning in the instant case.

¶ 7        We begin by noting two important points that have been acknowledged by both parties: first, that the "duty to register" (730 ILCS 150/3 (West 2012)) and the "duty to report; change of address" (730 ILCS 150/6 (West 2012)) provisions of the Act are considerable and complex, and second, that a citation to the statute for which proof was offered at the defendant's trial, *i.e.*, his duty to register within three days of his release from incarceration pursuant to section 3(c)(4) (730 ILCS 150/3(c)(4) (West 2012)), does not appear in the defendant's charging instrument.

¶ 8        The defendant argues that the State's response is inapposite, as he "has not made a variance argument." However, Illinois case law indicates that his argument–that he was denied due

process of law where he was "convicted of a charge not made"–is indeed an argument as to the existence of a fatal variance between the charging instrument and the evidence presented. See *People v. Borst*, 162 Ill. App. 3d 830, 834 (1987) (wherein the court analyzed the defendant's argument–that he was denied due process where he was convicted of a charge not made under Illinois law–as an assertion of a fatal variance, concluding that even if the court accepted that the statute set forth two disparate and alternative methods of committing the offense, thus creating a variance between the complaint and the proof, no reversible error existed where the variance did not meet the requirements to be found fatally defective).

¶ 9       We thus consider the defendant's appeal under the fatal-variance framework. A person may not be convicted in a state court except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2. Due process requires that an indictment must apprise a defendant of the precise offense with which he is charged, and a fatal variance between the instrument charging a defendant and the proof pursuant to which a defendant is convicted at trial requires reversal of the conviction. *People v. Ligon*, 365 Ill. App. 3d 109, 117 (2006). However, in order to be fatal, a variance between the charging instrument and the poof at trial must be material and of such character that it misleads the accused in making his defense or exposes him to double jeopardy. *People v. Arndt*, 351 Ill. App. 3d 505, 518 (2004).

¶ 10      To determine the existence of a fatal variance, then, we consider the plain and ordinary meaning of the language in the indictment as read and interpreted by a reasonable person. *Id.* at 517. As noted above, the defendant was charged with failing to register "within three days of his conviction," but the proof offered at his stipulated bench trial demonstrated that he failed to register "within three days of his release" from incarceration.

¶ 11      We read the statute at issue and the count charged together. *Id.* at 518. As we must read the charging instrument as a whole (*id.*), so must we construe the sex offender registration statute as a whole in order to avoid rendering any part of it meaningless or superfluous. *People v. Marshall*, 242 Ill. 2d 285, 292 (2011). The pertinent language is found in section 3 of the Act, which reads as follows:

> "§ 3. Duty to register.
>
> * * *
>
> (c) The registration for any person required to register under this Article shall be as follows:
>
> * * *
>
> (3) Except as provided in subsection (c)(4), any person convicted on or after January 1, 1996, shall register in person within 3 days after the entry of the sentencing order based upon his or her conviction.
>
> (4) Any person unable to comply with the registration requirements of this Article because he or she is confined, institutionalized, or imprisoned in Illinois on or after January 1, 1996, shall register in person within 3 days of discharge, parole or release." 730 ILCS 150/3(c)(3), (4) (West 2012).

¶ 12      In reading the language in the count and the statute together, then, we determine that the charging instrument's reference to registering "within three days of his conviction" instead of "within 3 days of discharge, parole or release" does not constitute a denial of the defendant's due process rights. Sections 3(c)(3) and 3(c)(4) must be interpreted as a whole, as the latter

- 4 -

provides a clear alternative to the former due to the impossibility of an imprisoned offender to fulfill the registration requirements under section 3(c)(3). Thus, when sections 3(c)(3) and (4) are read in conjunction with the language of the indictment, we find support for the contention that the defendant was properly charged with section 3(c)(4)'s functional equivalent since he was "unable to comply with the registration requirements *** because he *** [was] imprisoned" (730 ILCS 150/3(c)(4) (West 2012)).

¶ 13    However, even if we accept that the defendant's indictment did not specifically apprise the defendant of the charge against him, we conclude that any variance between the charging instrument and the proof does not require reversal of the defendant's conviction because it was not material, misleading, or likely to expose the defendant to the possibility of double jeopardy. See *Arndt*, 351 Ill. App. 3d at 518. The culpable act at issue is the defendant's failure to register, and the stipulated facts reflect that the defendant was released from the Department of Corrections on March 5, 2013, and that he had not registered anywhere in the time leading up to his arrest. Moreover, the defendant's attempted evasion of the reporting agents and his comments when he was arrested insinuate that he certainly understood the offense he had committed. We also do not believe that the defendant was misled in preparing his defense or that he would have prepared his defense differently if the language in the indictment had more specifically tracked the language of the statute. The defendant's statement at his stipulated bench trial reflected that the defendant was aware that the charges against him were based on his failure to register after his release. At no point did the defendant express a misunderstanding of the charges or present an argument for impossibility based on his incarceration; rather, his assertions were based on the constitutionality of the statute and the difficulty of adhering to the Act's requirements as a homeless person. Finally, the defendant could not be exposed to the possibility of double jeopardy. The statute required the defendant to register within three days of his release if he is otherwise unable to register due to his incarceration. See 730 ILCS 150/3(c)(3), (4) (West 2012). The relevant time period necessarily began on the day that he was released. The State cannot again charge the defendant for this time frame, and any attempt at a future prosecution could be forestalled by resort to the record of his prior prosecution on the same facts.

¶ 14    We note that the rationale behind our determination is whether the defendant was afforded sufficient notice of the charge against him and given a meaningful opportunity to defend himself against that charge. *People v. McDonald*, 401 Ill. App. 3d 54, 63 (2010). We therefore conclude that based on the information before us, any variance that may exist between the defendant's charging instrument and the proof offered at his stipulated bench trial is not fatal to his conviction for failure to register as a sex offender pursuant to the Act. For these reasons, we affirm the judgment of the circuit court of Williamson County.

¶ 15    Affirmed.