# Illinois Official Reports

## Appellate Court

---

### *People v. Stephenson*, 2016 IL App (1st) 142031

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY STEPHENSON, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-14-2031 |
| Filed | September 12, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CR-21817; the Hon. William G. Lacey, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Manuel S. Serritos, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Matthew Connors, and Iris G. Ferosie, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE MIKVA delivered the judgment of the court, with opinion.<br>Justices Cunningham and Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1    After a bench trial, defendant Anthony Stephenson was convicted of burglary and possession of burglary tools and was sentenced to concurrent prison terms of nine and three years, respectively. On appeal, Mr. Stephenson contends that the charging instrument was fatally deficient based on its misidentification of the owner of the burglarized property. For the following reasons, we affirm the judgment of the trial court.

¶ 2                                    BACKGROUND

¶ 3    Mr. Stephenson was charged by indictment with two counts of burglary and one count of possession of burglary tools. The indictment for count I stated that Mr. Stephenson committed the offense of burglary on or about October 24, 2013:

> "[I]n that HE, KNOWINGLY AND WITHOUT AUTHORITY, ENTERED A BUILDING, TO WIT: A WAREHOUSE BUILDING, THE PROPERTY OF ANOTHER, TO WIT: ARONSON FURNITURE CORPORATION, LOCATED AT 2020 NORTH AUSTIN AVENUE, IN CHICAGO, COOK COUNTY, ILLINOIS, WITH THE INTENT TO COMMIT THEREIN A THEFT,
>
> IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 19-1(a) OF THE ILLINOIS COMPILED STATUTES[.]"

¶ 4    Because Mr. Stephenson has focused his appeal on the adequacy of the charging instrument, we will address the evidence presented at trial only to the extent necessary for an understanding of the appeal.

¶ 5    The State presented two witnesses at trial: Keith Henderson, Jr., and Carlos Salvador, both employees of Peter Aaronson. Each testified that Peter Aaronson owned the warehouse at 2020 North Austin Avenue (the warehouse). When asked whether Peter Aaronson was "of the Peter Aronson Furniture Company," Mr. Henderson responded "[n]o, it's not."

¶ 6    Mr. Henderson and Mr. Salvador testified that, at approximately 7:30 a.m. on October 24, 2013, they were driving together in a pickup truck when they saw three men coming out of the main door of the warehouse, where only employees were permitted to be. Both Mr. Henderson and Mr. Salvador testified that the three men did not have permission to be in the warehouse and that they were carrying bags. Mr. Henderson and Mr. Salvador also both testified that one of the three men was Mr. Stephenson and they saw him carrying a fish tank with a hammer inside of it. Mr. Henderson identified the fish tank, like nearly everything inside the warehouse, as property of Peter Aaronson that was being stored there.

¶ 7    Mr. Henderson testified that, after noticing the men, he exited the pickup truck and asked them where they were going. Two of them dropped what they had been carrying, walked to a nearby van, and drove away. Mr. Henderson and Mr. Salvador followed the third man, Mr. Stephenson, and witnessed him hide the fish tank by some bushes near the warehouse. They stated that Mr. Stephenson ran when he heard police sirens approaching. When the police arrived, Mr. Salvador informed them that Mr. Stephenson ran into the alley. The police officers apprehended Mr. Stephenson. In the meantime, Mr. Henderson retrieved the items that were dropped by the other two men, which included bags of "pieces of copper, wire pipes, all that stuff" and power tools. Mr. Salvador testified that a wrench, a hammer, and bolt cutters, none of which he recognized as coming from the warehouse, were also recovered.

¶ 8 The parties stipulated that, if called by the defense, Mr. Stephenson's aunt, Brenda Stephenson, would have testified that Mr. Stephenson was scheduled to do some work on her home the day of the burglary and she had spoken to him that morning.

¶ 9 Mr. Stephenson testified on his own behalf. According to him, at approximately 7 a.m. on October 24, 2013, he spoke with his aunt and then went to Home Depot to price merchandise for finishing work at his aunt's house. At some point later that morning he was about two blocks away from 2020 North Austin Avenue when he was approached by an older man and a couple of other men that he did not know. The individuals jumped out of a van and approached to question him. According to Mr. Stephenson, when he began backing away from the men, they came closer and surrounded him. He saw that they had a hammer and ran. Mr. Stephenson testified that he was familiar with the warehouse but that he did not enter or take anything from the warehouse that morning and was not with anyone who did.

¶ 10 The parties additionally stipulated to three of Mr. Stephenson's prior convictions: a 2011 conviction for possession of a controlled substance, a 2007 conviction for unlawful use of a weapon by a felon, and a 2006 conviction for possession of a controlled substance.

¶ 11 The trial court found Mr. Stephenson guilty on all counts and denied his motion for a new trial. Mr. Stephenson was sentenced as a Class X offender to nine years in prison on the burglary counts, with count II merging into count I, and three years for possession of burglary tools to run concurrently with the burglary sentence, plus three years of mandatory supervised release.

¶ 12                                    JURISDICTION

¶ 13 Mr. Stephenson timely filed his notice of appeal in this matter on June 13, 2014, the same day he was sentenced. Accordingly, this court has jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rules 603 and 606, governing appeals from a final judgment of conviction in a criminal case (Ill. S. Ct. Rs. 603, 606 (eff. Feb. 6, 2013)).

¶ 14                                     ANALYSIS

¶ 15 Mr. Stephenson's sole contention on appeal is that the charging instrument was facially defective because it included a fatal variance from the evidence presented at trial: namely, that while the indictment charged Mr. Stephenson with the burglary of the warehouse owned by "Aronson Furniture Corporation" at 2020 North Austin Avenue, the evidence at trial demonstrated that an unrelated individual named Peter Aaronson owned the warehouse at that address.

¶ 16 "[A] defendant has a fundamental right to be informed of the nature and cause of criminal accusations made against him." *People v. Espinoza*, 2015 IL 118218, ¶ 15. Section 111-3(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111-3(a) (West 2012)) requires that a charge be in writing and that it "allege the commission of an offense" by stating the name and statutory provision of the offense, the nature and elements of the offense, the date and county when and where the offense occurred, and the name of the accused.

¶ 17 Whether a charging instrument was sufficient is a question of law we review *de novo*. *Espinoza*, 2015 IL 118218, ¶ 15. Because a failure to properly charge an offense implicates

due process concerns, such a defect may be attacked at any time. *People v. DiLorenzo*, 169 Ill. 2d 318, 321 (1996).

¶ 18    The timing of the challenge to the indictment "determines whether a defendant must show that he was prejudiced by the defect in the charging instrument." *Espinoza*, 2015 IL 118218, ¶ 23. If an indictment or information is challenged in a pretrial motion, it "must strictly comply with the pleading requirements of section 111-3." *People v. Rowell*, 229 Ill. 2d 82, 93 (2008). However, if the defendant challenges the sufficiency of the charging instrument for the first time on appeal, as Mr. Stephenson did here, it will be considered sufficient so long as "it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecutions arising out of the same conduct." (Internal quotation marks omitted.) *People v. Benitez*, 169 Ill. 2d 245, 257 (1996).

¶ 19    When challenged for the first time on appeal, a variance between the charging document and the proof at trial is only fatal if it is material and could " 'mislead the accused in making his defense or expose him to double jeopardy.' " *People v. Davis*, 82 Ill. 2d 534, 539 (1980) (quoting *People v. Figgers*, 23 Ill. 2d 516, 518-19 (1962)). This is what Mr. Stephenson refers to as the "*Pujoue*" test, based on *People v. Pujoue*, 61 Ill. 2d 335, 339 (1975). Here, Mr. Stephenson has failed to satisfy any part of this test.

¶ 20    First, the ownership of the premises burglarized was not material to the indictment. The supreme court has held that ownership is not an element of the offense of burglary. *People v. Rothermel*, 88 Ill. 2d 541, 545 (1982); see also *People v. Dotson*, 263 Ill. App. 3d 571, 576-77 (1994) (following *Rothermel*); *People v. Escalante*, 256 Ill. App. 3d 239, 243 (1994) (holding that "the lack of an allegation of ownership or possessory interest is not fatal to a charging instrument" for burglary); *People v. Austin*, 123 Ill. App. 3d 788, 795 (1984) ("failure to allege ownership or to prove ownership as alleged in a burglary charge does not defeat the charge unless the defendant was harmed in preparing a defense"); *People v. Tucker*, 186 Ill. App. 3d 683, 691 (1989) (noting that "ownership is no longer a required element of the crime of burglary").

¶ 21    Second, Mr. Stephenson has failed to demonstrate that the challenged variance prejudiced the preparation of his defense in any way. Mr. Stephenson argues that there was "no way" for him "to prepare his defense *** where the evidence at trial established that the property was owned by Peter Aaronson." This conclusory statement will be disregarded since it is unsupported by legal analysis, citation to legal authority, or citation to the record. See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) (the argument section of an appellant's brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"); see also *People v. Haissig*, 2012 IL App (2d) 110726, ¶ 17 (conclusory statements do not constitute arguments pursuant to Rule 341(h)(7)).

¶ 22    Moreover, any suggestion of prejudice is belied by the record. Mr. Stephenson's defense was that he did not enter the warehouse, which had nothing to do with the identity of the warehouse owner. A mistake in an indictment as to identity of a crime victim is not prejudicial where, as here, the defense is a denial of the alleged criminal activity. See *People v. Montgomery*, 96 Ill. App. 3d 994, 997-98 (1981) (defendant charged with assaulting a police officer was not prejudiced by fact that indictment named the wrong police officer where defendant denied assaulting any officer with a gun); *People v. Santiago*, 279 Ill. App. 3d 749, 752-54 (1996) (no prejudice where the information named wrong victim and defendant denied

any involvement in the armed robbery); see also *Rothermel*, 88 Ill. 2d at 547-48 (misidentification of owner of burglarized premises did not prejudice the preparation of defense of entrapment).

¶ 23    Finally, Mr. Stephenson fails to demonstrate any risk of double jeopardy. Even if Mr. Stephenson could look only to the indictment, the charging instrument contains a unique street address, which alone would be sufficient to protect him from a second prosecution for this crime. Moreover, as the supreme court recognized in *Rothermel*, testimony from the first trial can be admitted in any subsequent prosecution, should it be necessary to support a defense of prior jeopardy. *Rothermel*, 88 Ill. 2d at 548; see also *Santiago*, 279 Ill. App. 3d at 753-54 (the time that a charging document defined the "limits of jeopardy" has long since passed and a prior prosecution can also be proved by the trial transcript and other evidence introduced at trial). Thus, Mr. Stephenson is well protected against a subsequent prosecution for this offense.

¶ 24    Mr. Stephenson recognizes that he must overcome *Rothermel*, but argues that in both *Rothermel* and *Dotson*, which followed *Rothermel*, there was a connection between the alleged owner and the actual owner. This is correct, but irrelevant. As the court made clear in *Rothermel*, an "inaccurate allegation of ownership" of the burglarized premises, when challenged for the first time on appeal, does not defeat the charging instrument. *Rothermel*, 88 Ill. 2d at 545, 548. This court agrees with Mr. Stephenson that the record does not demonstrate any connection between Peter Aaronson and Aronson Furniture Corporation and acknowledges that they are not even spelled the same way. However, it does not matter how "inaccurate" the description is or whether there was a connection between the named owner and the real owner, as in *Rothermel*, or no connection at all, as in this case. Rather, at this point, Mr. Stephenson must show that ownership was an element of the charged crime and that he was prejudiced in his defense or at risk of double jeopardy. He has shown none of these and that is fatal to his appeal.

¶ 25    Mr. Stephenson relies heavily on *Espinoza*, 2015 IL 118218, which was decided while his appeal was pending. In that case, the supreme court affirmed the appellate court's dismissal of the criminal complaints in two cases, based upon the insufficiency of charging instruments that failed to identify the victims by name. *Id.* ¶ 1. The defendants had challenged the charging documents prior to trial. *Id.* ¶¶ 4-5, 9. Because of the timing of their challenge, this meant that they were not required to show prejudice and that the documents used to charge them had to strictly comply with the pleading requirements of section 111-3 of the Code. *Id.* ¶ 23. That alone makes this case quite different from *Espinoza*.

¶ 26    Additionally, in the cases consolidated under *Espinoza*, one defendant was charged with domestic battery and the other was charged with endangering the life and health of a child, both "crimes on which the impact is focused upon an individual," and therefore "the identity of the victims was an essential allegation of the charging instruments." *Id.* ¶ 20. Conversely, Mr. Stephenson was charged with burglary, a crime against property, and our supreme court in *Rothermel* held that the identity of the property owner is not an element of this crime. *Rothermel*, 88 Ill. 2d at 545.

¶ 27    Mr. Stephenson cites *Espinoza* for the proposition that a charging instrument for the offense of burglary is necessarily deficient if it fails to correctly identify the complainant, but we disagree with his reading of that case. The opinion in *Espinoza* includes the sweeping statement that " '[w]here an indictment charges an offense either against persons or property, the name of the person or property injured, if known, must be stated, and the allegation must be

proved as alleged.' " *Espinoza*, 2015 IL 118218, ¶ 17 (quoting *People v. Walker*, 7 Ill. 2d 158, 161 (1955)). That broad statement is *dicta* to the extent that it references property crimes since those were not at issue in *Espinoza*. The court in *Rothermel* noted that the *Walker* case, which was quoted and relied on by the court in *Espinoza*, was a throwback to a time when an "allegation of ownership was *** indispensable in charging burglary." *Rothermel*, 88 Ill. 2d at 545. In reading these cases together, this court concludes that the *Espinoza* court did not intend to question the holding in *Rothermel* that the identity of the complainant in a burglary case is not a material element of a charging instrument. Thus, the fact that burglary is a crime against property, where the identity of the property owner is not a necessary element, is a second reason that *Espinoza* cannot help Mr. Stephenson in this case.

¶ 28                                                    CONCLUSION
¶ 29            For the foregoing reasons, we affirm the judgment of the trial court.

¶ 30            Affirmed.