**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210513-U

Order filed October 16, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0513 Circuit No. 18-CF-1310 |
| | ) | |
| MICHAEL T. ENOH, | ) ) | Honorable Daniel L. Kennedy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Holdridge and Justice Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The variance between the indictment and the evidence presented at trial was not fatal.

¶ 2     Defendant, Michael T. Enoh, appeals from his conviction for criminal sexual assault, arguing that a fatal variance existed between the indictment and the evidence presented at trial. We affirm.

¶ 3                                I. BACKGROUND

¶ 4 Defendant was charged with criminal sexual assault (720 ILCS 5/11-1.20(a)(1) (West 2018)) and criminal sexual abuse (*id.* § 11-1.50(a)(1)). Per the indictment, the criminal sexual assault charge alleged "defendant committed an act of sexual penetration, by the use of force, with O.F., in that he knowingly contacted O.F.'s vagina with an object for the purpose of the sexual gratification or arousal of the accused." At the time of the alleged incident, defendant and O.F. were involved in a romantic relationship.

¶ 5 At a bench trial, O.F. testified that her relationship with defendant was not sexual because she wished to abstain from premarital sexual intercourse due to her religious beliefs. O.F. stated that shortly after midnight on June 23, 2018, defendant unexpectedly came to the home where she was working as a live-in caretaker. Defendant text messaged O.F. shortly before his arrival, indicating he was coming to retrieve clothes he had left behind from his brief stay there after moving from California. After O.F. allowed defendant inside the home, he claimed he was too tired to drive and needed to sleep there. When O.F. and defendant went to sleep, defendant began touching her chest. O.F. told defendant not to touch her and complained of back pain. In response, defendant turned O.F. over so she was face down on the bed, massaged her back, and stood on her back to crack her spine. O.F. testified that suddenly defendant inserted something into her vagina, causing pain. O.F. believed defendant penetrated her with his fingers but could not see because her face was pushed down into a pillow. O.F. stated that after defendant removed his fingers, she felt something smooth and believed it was defendant's penis. At this point, O.F. was able to twist her body and move away from defendant. O.F. called 911 from a landline after defendant took her cell phone to prevent her from contacting the police.

¶ 6 During O.F.'s testimony, the State showed her a photograph of defendant's hands taken by an officer on the date of the incident. The photograph showed defendant wearing two rings. O.F.

2

testified that defendant was wearing both rings on those fingers when he arrived at the house but did not know where the rings were at the time of her assault. Defendant was found guilty of criminal sexual assault and criminal sexual abuse. The counts merged at sentencing, and defendant received four years' imprisonment for criminal sexual assault. The circuit court denied defendant's motion for a new trial. Defendant appealed.

¶ 7                                    II. ANALYSIS

¶ 8        Defendant argues on appeal that the evidence at trial was insufficient to support his criminal sexual assault conviction because it did not establish that he contacted O.F.'s vagina with an object as alleged in the indictment. Specifically, defendant contends that a fatal variance existed between the allegations in the indictment and the evidence introduced at trial, which related only to uncharged digital and penile penetration.

¶ 9        "Due process requires that an indictment must apprise a defendant of the precise offense with which he is charged, and a fatal variance between the instrument charging a defendant and the proof pursuant to which a defendant is convicted at trial requires reversal of the conviction." *People v. Roe*, 2015 IL App (5th) 130410, ¶ 9. A variance is fatal when it is material and "misleads the accused in making his defense or exposes him to double jeopardy." *Id.* When the sufficiency of the evidence is challenged, the reviewing court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Conway*, 2023 IL 127670, ¶ 16.

¶ 10        To obtain a conviction for criminal sexual assault, the State is required to prove that defendant "commit[ted] an act of sexual penetration *** us[ing] force or threat of force." 720 ILCS 5/11-1.20(a)(1) (West 2018). As defined by statute, two broad categories of conduct constitute

3

sexual penetration. The first category includes any contact between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person. *Id.* § 11-0.l. Under this category, the word "object" does not include parts of the body. *People v. Maggette*, 195 Ill. 2d 336, 350 (2001). The second category includes any intrusion of any part of the body of one person or of any animal or object into the sex organ or anus of another person. 720 ILCS 5/11-0.1 (West 2018).

¶ 11       Here, the State charged defendant with criminal sexual assault specifically delineating the first category of sexual penetration, that defendant contacted O.F.'s vagina with an object. O.F. testified that she believed defendant inserted his fingers and then his penis into her vagina. Neither act describes the type of sexual penetration set forth in the indictment because our supreme court's interpretation of the statutory term "object" excludes parts of the body. See *Maggette*, 195 Ill. 2d at 350.

¶ 12       That having been said, we observe that the type of penetration that constitutes sexual assault is not an essential element of the offense. See *People v. Ross*, 395 Ill. App. 3d 660, 670 (2009). Each indictment must state " 'the name of the accused, the name, date and place of the offense, cite[ ] the statutory provision alleged to have been violated and set forth in the language of the statute the nature and elements of the offense charged.' " *People v. Collins*, 214 Ill. 2d 206, 219 (1971). "[I]mmaterial matters, or matters which may be omitted from an indictment without rendering it insufficient or doing damage to the material averments, may be regarded as surplusage." *People v. Figgers*, 23 Ill. 2d 516, 519 (1962); *People v. Crawford*, 23 Ill. 2d 605, 607 (1962). If the essential elements of an offense are properly charged but the *manner* in which the offense is committed is incorrectly alleged, the error is one of form. *People v. Lattimore*, 2011 IL App (1st) 093238, ¶ 67.

4

¶ 13       O.F.'s testimony satisfied the essential elements of criminal sexual assault: sexual penetration and use of force, albeit by intrusion with a body part instead of contact with an object. Because the description of the penetration was not essential to the indictment, the State's inclusion of the type of penetration is surplusage. See *id.* Consequently, the State's error in incorrectly alleging the precise manner in which the charged crime was committed in the indictment is one of form. See *id.*

¶ 14       Moreover, for a variance between the charging instrument and the proof at trial to be fatal, the difference "must be material and be of such character as may mislead the defendant in making his or her defense, or expose the defendant to double jeopardy." *People v. Maggette*, 195 Ill. 2d 336, 351 (2001); see also *People v. Stephenson*, 2016 IL App (1st) 142031, ¶ 19. Here defendant does not advance a double jeopardy claim. Nor can he show prejudice to the extent that his defense was unrelated to the variance, but rather was predicated on challenging O.F.'s credibility. Defendant does not argue that the variance led him to omit or fail to place any relevant facts into evidence. Therefore, the variance between the indictment and proof at trial, raised for the first time on appeal, is immaterial and not fatal.

¶ 15                                III. CONCLUSION

¶ 16       The judgment of the circuit court of Will County is affirmed.

¶ 17       Affirmed.